JUDE G. GRAVOIS, Judge.
 

 12Plaintiffs, Jeffrey C. Bourgeois, et al,
 
 [1]
 
 appeal a summary judgment in favor of the defendants, Boomtown, L.L.C. of Delaware, Pinnacle Entertainment, Inc. of Delaware, M/V Boomtown Belle, II, and Louisiana-I Gaming, A Louisiana Partnership In Commendam, hereinafter sometimes collectively referred to as “Boomtown”, finding no liability as a matter of law for the death of Dale Bourgeois (“Mr. Bourgeois”).
 

 On appeal, appellants argue the following assignments of error: 1) the trial court erred in disregarding defendants’ alleged breach of LSA-R.S. 26:90 (serving alcohol to an intoxicated person); 2) the trial court erred in not finding that the defendants had a duty to avoid affirmative acts that increased the risk of peril to an | ^intoxicated person (Mr. Bourgeois) and that the defendants breached that duty; and 8) the trial court erred in finding that the defendants’ actions did not constitute force, and that the defendants were therefore not entitled to the protections of LSA-R.S. 9:2800.1. For the reasons that follow, we affirm.
 

 FACTS
 

 Plaintiffs filed a wrongful death action against the defendants, alleging that the defendants’ serving of alcoholic beverages to Mr. Bourgeois was the proximate and legal cause of his death. The record and pleadings show that Mr. Bourgeois died in a single-car accident on Peters Road in Harvey, Louisiana, shortly after he left the Boomtown Casino on July 9, 2007. The record shows that Mr. Bourgeois, who was 56 years old, entered the casino on July 9, 2007 at approximately 5:26 p.m., and left the casino through an employee entrance at approximately 9:15 p.m. It is undisputed that Mr. Bourgeois drank alcoholic beverages while gaming at the casino, but the extent thereof has not been established. Autopsy records revealed that Mr. Bourgeois’s blood alcohol level at the time of the autopsy was .290% g, well over the statutory limit of legal drunkenness.
 

 The petition alleged that the cocktail waitress at the Boomtown casino violated LSA-R.S. 26:90(2) by serving alcoholic beverages to an intoxicated person (Mr. Bourgeois). The petition cited Boom-town’s alleged cocktail server policy, which plaintiffs alleged required servers to bring alcoholic drinks to customers every 20 to 30 minutes or face disciplinary action, including possible termination, as plaintiffs characterized the excerpted deposition testimony of Boomtown’s waitress supervisor, offered in support of their petition.
 

 
 *169
 
 |
 
 ¿ANALYSIS
 

 Appellate courts review a district court’s grant of summary judgment
 
 de novo,
 
 viewing the record and all reasonable inferences that may be drawn from it in the light most favorable to the non-movant.
 
 Hines v. Garrett,
 
 04-0806 (La.6/25/04), 876 So.2d 764, 765. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
 

 A material fact is one that potentially insures or prevents recovery, affects a litigant’s ultimate success, or determines the outcome of the lawsuit.
 
 Smith v. Our Lady of the Lake Hosp., Inc.,
 
 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751. An issue is a genuine issue if it is such that reasonable persons could disagree; if only one conclusion could be reached by reasonable persons, summary judgment is appropriate as there is no need for trial on that issue.
 
 Id.
 

 Summary judgment procedure is intended to make a just and speedy determination of every action. LSA-C.C.P. art. 966. It is favored and the procedure shall be construed to achieve this intention.
 
 Id.
 
 Under LSA-C.C.P. art. 966, the initial burden is on the mover to show that no genuine issue of material fact exists. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party’s claim, action or defense, the nonmoving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. LSA-C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. LSA-_JC.C.P.6 arts. 966 and 967;
 
 Paternostro v. Wells Fargo Home Mortg., Inc.,
 
 09-469 (La.App. 5 Cir. 12/8/09), 30 So.3d 45.
 

 To determine whether liability exists under a negligence theory, the courts apply a duty-risk analysis. Under this analysis, the plaintiff must prove: 1) the conduct in question was the cause-in-fact of the resulting harm; 2) the defendant owed a duty of care to the plaintiff; 3) the requisite duty was breached by the defendant; and 4) the risk of harm was within the scope of protection afforded by the duty breached.
 
 Lazara v. Foti,
 
 02-2888, p. 3 (La.10/21/03), 859 So.2d 656, 659. A negative answer to any of the elements of the duty/risk analysis requires a no-liability determination.
 
 Id.
 
 The question of whether a defendant owes a duty to the plaintiff is a question of law.
 
 Id.
 

 First Assignment of Error
 

 In their first assignment of error, plaintiffs claim that the trial court erred in disregarding defendants’ alleged breach of LSA-R.S. 26:90 (serving alcohol to an intoxicated person), which is found in Title 26 of the Revised Statutes, Chapter 1. Alcoholic Beverage Control Law, Part II. Permits. It states, in pertinent part:
 

 § 90. Acts prohibited on licensed premises; suspension or revocation of permits
 

 A. No person holding a retail dealer’s permit and no agent, associate, employee, representative, or servant of any such person shall do or permit any of the following acts to be done on or about the licensed premises:
 

 [[Image here]]
 

 (2) Sell or serve alcoholic beverages to any intoxicated person.
 

 [[Image here]]
 

 
 *170
 
 H. Violation of this Section by a retail dealer’s agent, associate, employee, representative, or servant shall be considered the retail dealer’s act for purposes of suspension or revocation of a permit.
 

 |fil Violation of this Section is punishable as provided in R.S. 26:171 and is also sufficient cause for the suspension or revocation of a permit.
 

 Plaintiffs alleged that defendants violated this statute by serving alcoholic beverages to an intoxicated person, Mr. Bourgeois. Citing
 
 Boyer v. Johnson,
 
 360 So.2d 1164 (La.1978), plaintiffs argued that where a criminal statute imposed a duty to protect a particular category of persons (intoxicated persons) from a particular type of harm, breach of this duty may be considered when determining negligence under the duty-risk analysis.
 

 Defendants, however, argued the applicability of LSA-R.S. 9:2800.1, known as the “anti-dram shop liability act,” as a defense to plaintiffs’ cause of action. This statute provides in pertinent part as follows:
 

 § 2800.1. Limitation of liability for loss connected with sale, serving, or furnishing of alcoholic beverages
 

 A. The legislature finds and declares that the consumption of intoxicating beverages, rather than the sale or serving or furnishing of such beverages, is the proximate cause of any injury, including death and property damage, inflicted by an intoxicated person upon himself or upon another person.
 

 B. Notwithstanding any other law to the contrary, no person holding a permit under either Chapter 1 or Chapter 2 of Title 26 of the Louisiana Revised Statutes of 1950, nor any agent, servant, or employee of such a person, who sells or serves intoxicating beverages of either high or low alcoholic content to a person over the age for the lawful purchase thereof, shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served.
 

 [[Image here]]
 

 D. The insurer of the intoxicated person shall be primarily liable with respect to injuries suffered by third persons.
 

 E. The limitation of liability provided by this Section shall not apply to any person who causes or contributes to the consumption of alcoholic beverages by force or by falsely representing that a beverage contains no alcohol.
 

 |7Citing this statute, and particularly, paragraphs A and B thereof, defendants argued that it owed no duty to Mr. Bourgeois, and thus cannot be found liable for his death. In support of its motion for summary judgment, Boomtown showed that at the time of plaintiffs accident: 1) Boomtown possessed a valid, Louisiana liquor license permit as required by Title 26 of Louisiana’s Revised Statutes; 2) Mr. Bourgeois was of legal drinking age; 3) there were no allegations of any “false representations” regarding the alcohol content of the beverages consumed by Mr. Bourgeois; 4) the accident occurred off of defendants’ premises; and 5) the accident and resulting death was the direct result of Mr. Bourgeois’s intoxication. The trial court granted the motion for summary judgment and this appeal followed.
 

 Plaintiffs argue that the trial court erred in disregarding defendants’ breach of LSA-R.S. 26:90(2). All parties agree that Mr. Bourgeois’s accident and death occurred within minutes of his leaving the
 
 *171
 
 casino, and that autopsy results show that his blood alcohol level was .290% g at the time of the autopsy the day after his death. All parties agree that Mr. Bourgeois consumed alcohol while at the casino and was legally intoxicated at the time he left the casino.
 

 It is evident from the briefs and from the transcript of the hearing on the motion for summary judgment that the parties do not agree whether Mr. Bourgeois’s demeanor at the time he left the casino would have put casino employees on notice that he was intoxicated. Defendants point to surveillance video that they claim show Mr. Bourgeois behaving in a “normal” way that did not evidence intoxication; plaintiffs characterize his behavior otherwise.
 

 This disagreement between the parties, however, is of no moment regarding the application of LSA-R.S. 26:90(2) to the case at hand. That statute is found in the “Permits” section of the Alcohol Beverage Control Law. It is a regulatory statute that concerns the issuance and revocation of permits to sell and/or serve 18aIcohoIic beverages. Violations of the statute are actionable by the suspension or revocation of the offender’s permit, or a fíne and/or jail time (as per LSA-R.S. 26:171). The statute itself does not confer a right of action to private citizens for violation thereof.
 

 By LSA-R.S. 9:2800.1, the legislature has explicitly stated that no person holding a permit under either Chapter 1 or Chapter 2 of Title 26 who sells or serves intoxicating beverages to a person over the age for the lawful purchase thereof, shall be liable to such person or to any other person or to the estate, successors, or survivors of either for any injury suffered off the premises, including -wrongful death and property damage, because of the intoxication of the person to whom the intoxicating beverages were sold or served. Thus, LSA-R.S. 9:2800.1 eliminates the need for a duty/risk analysis. On July 9, 2007, the date of plaintiffs accident, Boom-town possessed a valid alcohol permit and the decedent was of a lawful age to consume alcoholic beverages. The accident occurred off premises and resulted from Mr. Bourgeois’s own intoxication. As these facts are unequivocally established, Boomtown is immunized by this statute from tort liability. Since the legislature has for public policy reasons eliminated legal or “proximate cause” in a case of this type, Boomtown’s act of serving alcohol is not the proximate cause of the decedent’s death and absent this essential legal element, plaintiffs’ case fails as a matter of law.
 

 Second Assignment of Error
 

 In their second assignment of error, plaintiffs allege that the trial court erred in not finding that the defendants had a duty to avoid affirmative acts that increased the risk of peril to an intoxicated person (Mr. Bourgeois) and that the defendants breached that duty.
 

 19Considering the facts that have been unequivocally established, as set forth above, Boomtown is immunized by LSA-R.S. 9:2800.1 from tort liability. Since the legislature has for public policy reasons eliminated legal or “proximate cause” in a case of this type, Boomtown’s act of allegedly serving alcohol to an intoxicated person (Mr. Bourgeois) is not the proximate cause of his death and absent this essential legal element, plaintiffs’ case fails as a matter of law.
 

 Third Assignment of Error
 

 In their final assignment of error, the plaintiffs argue that the trial court erred in finding that the defendants’ actions did not constitute force, and that the defendants were therefore not entitled to
 
 *172
 
 the protections of LSA-R.S. 9:2800.1. Paragraph E of LSA-R.S. 9:2800.1, as quoted above, provides that the limitation of liability provided by this Section shall not apply to any person who causes or contributes to the consumption of alcoholic beverages by force. As proof of force, plaintiffs cite to the cocktail server policy as explained by excerpts from the deposition testimony of Dian Davis, M/V Boom-town Belle II Food and Beverage Manager, which was attached to their petition.
 

 Initially, we note that this deposition, of which only excerpts were provided, was taken on October 11, 2006, well before Mr. Bourgeois’s accident. Second, this deposition was taken in another suit,
 
 Muller v. Boomtown of
 
 Delaware, case no. 582-836 in the 24th Judicial District Court, Parish of Jefferson. That suit concerned a personal injury claim brought by a Boomtown cocktail waitress who alleged that she sustained a work-related injury in 2000 or 2001 caused by being required to carry cocktail trays that were too heavily loaded. The deposition, therefore, focused on the server policy in 2000-2001 and different aspects of the server policy than the one at issue in this case. In any event, we find that the | Tndeposition excerpts do not support the plaintiffs’ characterization of the policy as “forcing” Boomtown customers to drink alcohol.
 

 The deponent, Dian Davis, stated that the policy required cocktail waitresses to serve customers every 20 to 30 minutes. There was no testimony that customers were forced to
 
 accept an alcoholic drink
 
 every 20 to 30 minutes or were forced to drink one that was served. In the deposition, Ms. Davis refers to the fact that the coffee mugs were downsized at some point, which shows that service also included non-alcoholic beverages. Also, Davis testified that waitresses were only verbally counseled for failing to serve customers every 20 to 30 minutes
 
 if
 
 a customer made a complaint. If a waitress received more than one complaint, then a written reprimand would be made. Termination would occur if a waitress received three written reprimands “for the same incident.” She said it was up to the supervisor how many “verbals” were given before a waitress received a written reprimand.
 

 These deposition excerpts fall far short of showing that Mr. Bourgeois, or any customer for that matter, was ever “forced” to accept or drink alcohol at the Boomtown casino. The deposition was taken prior to Mr. Bourgeois’s accident and at most, establishes the casino’s policy that waitresses must check on patrons every 20 to 30 minutes. The deposition, which focused on how many glasses a waitress carried on her tray, established that customers were also served non-alcoholic beverages such as coffee. Because the deposition was taken prior to Mr. Bourgeois’s accident, it also reveals nothing specific about Mr. Bourgeois’s evening at the casino.
 

 Therefore, having failed to show that Boomtown forced Mr. Bourgeois to drink alcohol, the plaintiffs have failed to show that LSA-R.S. 9:2800.1 does not apply in this case.
 

 |
 
 ^CONCLUSION
 

 For the reasons assigned above, we affirm the grant of summary judgment in favor of the defendants.
 

 AFFIRMED.
 

 [1]
 

 . The original petition for damages lists as plaintiffs Jeffrey C. Bourgeois, Mark J. Bourgeois, Rebekah L. Bourgeois, and Renee B. Bourgeois. The original petition does not explain these plaintiffs’ relationship to the decedent, Dale Bourgeois. It is noted that this record was designated by appellants; therefore, it is possible that plaintiffs’ relationship to the decedent is explained in pleadings not included in this designated record.