MAX N. TOBIAS, JR., Judge.
|,Delta Black, L.L.C. (“Delta Black”), the plaintiff/appellant, seeks review of a 10 May 2012 judgment, wherein the trial court dismissed its claims and rendered judgment in favor of the defendants, the Parish of St. Bernard (“the Parish”) and the Parish of St. Bernard Housing, Redevelopment, and Quality of Life Commission (“HRQLC”). For the reasons that follow, we reverse the judgment of the trial court, grant the permanent injunction requested, and remand the matter for further proceedings consistent with this opinion.
This case arises out of the Lot Next Door Program (“LNDP”) implemented by the Road Home Corporation, operating under the trade name of the Louisiana Land Trust (“LLT”). Following Hurricane Katrina, numerous properties were sold to the Road Home Corporation as part of the Road Home Grant Program. The respective parishes were then tasked with the responsibility of disposing of these properties.
*337 The HRQLC adopted the LNDP to dispose of these LLT properties located in the Parish. The LNDP was designated to benefit those who had returned after ^Hurricane Katrina by giving adjacent property owners the right of first refusal to purchase the LLT properties at a substantial discount. The HRQLC implemented a hierarchy of the rights of first refusal to provide a mechanism to deal with competing claims in circumstances in which there were multiple adjacent properties. The protocol consisted of two key criteria: (1) the relative position of the adjacent property; and (2) the homestead exempt status of the adjacent property. The first criterion was ostensibly aimed at maintaining the appearance of a neighborhood by focusing on street frontage; therefore, preference would be given to side adjacent properties over rear-adjacent properties. The second criterion was ostensibly aimed at giving preference to homestead-exempt properties over non-homestead-exempt properties. If there were still competing claims after applying this protocol, the Road Home property would be split between the competing prospective purchasers.
In August 2007, the property at issue, 6200 Birch Street in Meraux, Louisiana (“the LLT property”), was sold to the Road Home Program. It was held in abeyance until such time that a protocol for disposing of the property was implemented. The LLT provided the Parish with a listing of properties that were included in LNDP. As of 1 July 2009, the LLT property was on a list prepared by Global Risk Solutions, Inc. (“GRS”), the contractor administering the LNDP program. According to the LNDP guidelines, all homestead and non-homestead exempt owners in the adjacent area of available properties would be notified in writing of the possible eligibility to “purchase an adjacent former neighbor’s | ^property” that was sold to LLT. The “initial contact letter” explained the particulars of the program and also referred the recipients to the LNDP’s website.[1]
At all material times, Delta Black owned the property at 6206 Birch Street, the only property that is immediately adjacent, in other words, “next door,” to the LLT property. In fact, given the configuration of the subdivision, 6206 Birch Street is the only side adjacent property to the LLT property. Judith Landry, the ex-wife of then St. Bernard Parish Councilman Wayne Landry, owned two parcels of property in the area, 2021 Margaret Lane, which is not adjacent to or contiguous with the LLT property and Lot 31-G-5 of Story Plantation, a piece of property that is rear adjacent to the LLT property.
The property on Margaret Lane was the family home of Wayne and Judith Landry. It was purchased by them in 1989 and was transferred to her alone in the community property settlement following their divorce in 2002.[2] Lot 31-G-5 was purchased by them in April 1995 (also acquired by Ms. Landry following the divorce); it was then a non-homestead exempt property. It was separated from the Margaret Street property by a drainage ditch over which a servitude existed.[3] As of 2 August 2010, the two properties were taxed together, *338 thereby applying the homestead exemption to Lot 31-G-5.
According to the Parish, a test or pilot program was established by the HRQLC to test the LNDP. On 1 May 2009, it is alleged that Councilman Landry |4selected the LLT property to be on of those “test” cases, allowing it to be one of the first fourteen properties transferred under the program. Ms. Landry was an interested purchaser even before the initial contact letters were sent out to “approximately 24 test properties” providing notice of the properties available in the program. Pursuant to the appellate record, no notice was ever sent to Delta Black despite it being directly next door to the LLT property.[4]
In June 2009, several changes were made to the GRS computer log regarding the LLT property and 2021 Margaret Lane. On 1 June 2009, the “relationship of potential buyer” (Ms. Landry) was changed from “Interested (from, Parish)— not next door to Next Door.” On 12 June 2009, the relationship was changed from “Next Door to Interested (from Parish)— possible next door.” Finally, on 24 August 2009, the relationship was changed from “Interested (from Parish) — possible next door to Next Door.” This final change was made per information from Clay Cossé, then Executive Director of the Parish’s Department of Housing and Redevelopment. It was noted in the log that “the back of this property (Margaret Lane) is next door to the Birch Property.”
The contact notice was sent to Ms. Landry on 8 September 2009; the log reflects that it was delivered the next day, 9 September 2009, at 1:52 P.M. Ms. Landry sent in her written response on 14 September 2009. Again, the record reflects that only Ms. Landry received notice of the availability of this LLT property.
| ¡As a result, Ms. Landry was allowed to proceed with the execution of the purchase agreement with the HRQLC to purchase the LLT property. Delta Black alleges that “by shear chance of a whistleblower,” it learned about these events after the purchase agreement was executed. Delta Black objected to the transfer to Ms. Landry on the basis that the rules promulgated by the HRQLC mandated that Delta Black, not Ms. Landry, be given the right of first refusal. Although it is alleged that some of the members of the HRQLC initially supported Delta Black’s position, the HRQLC voted on 5 August 2010 to transfer the property to Ms. Landry. Delta Black also alleges that Councilman Landry was present at these meetings and influenced the decision.
Delta Black filed the instant lawsuit on 6 August 2010, seeking injunctive relief, judicial review of the HRQLC decision, and declaratory judgment on factual issues pertaining to the disposition of the LLT property. The trial court issued a temporary restraining order, prohibiting the sale, transfer, or conveyance of the LLT property.
Before the hearing on the preliminary injunction, the parties stipulated that this case would be “controlled by the facts and circumstances in existence on or before August 5, 2010.” The 27 August 2010 hearing was continued until 19 November 2010. At that time, the trial court granted the preliminary injunction, maintaining the status quo.
In the meantime, Ms. Landry executed a quitclaim deed with Terry Tedesco, Inc. whereby she obtained ownership of a portion of a 20-foot servitude adjoining [¡¡2021 *339 Margaret Lane (Lot 7) with Lot 31-G-5, thereby making them contiguous. She also purchased the servitude running behind Lots 8, 9,10, 11,12,18, and 14 (2025-2049 Margaret Lane).
Finally, on 26 October 2010, Ms. Landry secured Resolution PC-R-7-10 from the St. Bernard Parish Planning Commission that approved a re-subdivision of Lot 7 (2021 Margaret Lane), Lot 31-G-5, and the portion of ground being “a portion of a 20-foot servitude adjoining Lots 7, 8, 9,10, 11,12,13, and 14” into Lot 7-A.[5]
Delta Black filed a motion for partial summary judgment requesting declaratory relief on the geographic relationship of Lot 31-G-5 and 2021 Margaret Lane prior to 16 August 2010. The trial court granted the motion in part, declaring “that at all material times prior to August 16, 2010, Lot 31-G-5 of Story Plantation was not contiguous with 2021 Margaret Lane (Lot 7, Square B, St. Bernard Grove Plantation).” However, the court declined to declare that Lot 31-G-5 of Story Plantation did not independently qualify as a bona fide homestead and that Ms. Landry qualified for and claimed a homestead exemption on 2021 Margaret Lane.
At the request of the parties, the trial on the merits was set for submission on the record and with documentary evidence submitted to the trial court. On 10 May 2012, the trial court issued a judgment “declaring that -the property bearing ^municipal address 2021 Margaret Lane, which includes former Lot 31-G-5, is rear-adjacent to the lot bearing municipal address 6200 Birch Street” and “that all Delta Black, L.L.C.’s other claims for relief be dismissed.”
In denying the other requested relief, the trial Court reasoned that:
It appears that this summary was drafted with the most common scenario in mind: one normal-sized residential lot with equally sized residential lots on either side. The summary does not explicitly take into account LLT lots with only one side-adjacent neighbor (e.g., corner lots), irregularly shaped lots, lots with more than three adjacent lots, or cases where two or more adjacent lots are all owed by the LLT.
* * *
The full rules for these transfers may take those exceptional circumstances into consideration, but there is nothing in the record to indicate what those rules may be.
* * *
Therefore, it is not for this Court to decide the disposition of the property at issue here.
The court sent the issue of the proper disposition of the LLT lot back to HRQLC. On 22 May 2012, Mr. Jarrell, on behalf of Delta Black, appeared to address this issue. After application of the Hierarchy Summary and consideration of the trial court’s ruling, the HRQLC concluded that Ms. Landry’s property at 2021 Margaret Lane, which includes the former Lot 31-G-5, is rear-adjacent to 6200 Birch Street, and the lot designated 6200 Birch should be sold to Ms. Landry.
Delta Black timely filed this suspensive appeal for this court to review the actions taken below.
*340 In reviewing denials of preliminary or permanent injunctions, we utilize the abuse of discretion standard of review. A.M.E. Disaster Recovery Services, Inc. v. City of New Orleans, 10-1755 (La.App. 4 Cir. 8/24/11), 72 So.3d 454. The Louisiana Supreme Court declared that trial courts are vested with wide discretion in deciding whether to refuse or grant declaratory relief. Louisiana Supreme Court Committee on Bar Admissions ex rel. Webb v. Roberts, 00-2517, p. 3 (La.2/21/01), 779 So.2d 726, 728.
Even without first addressing the fundamental unfairness surrounding the transfer of this LLT property, we find that the trial court erred in its application of the “Summary of the Hierarchy of Lot Next Door Potential Purchasers.” As recognized by the Parish and the trial court, at the time the LNDP was begun in 2009, Delta Black owned the only side adjacent property to the LLT property.[6] Therefore, it was entitled to notice of its right of first refusal with regard to the purchase of 6200 Birch, even with the special designation as a “test” case. While the Parish argues that the word “adjacent” also means “nearby,” the diagrams that explain the first three tiers of the Hierarchy Summary deal only with contiguous side adjacent properties, not those nearby or in the rear.
The record also reflects that Ms. Landry was given preferential treatment where this LLT property is concerned. Under the given scenario, she was not entitled to preferential treatment over Delta Black, as her property, Lot 31-G-5, is rear-adjacent, not side adjacent to the LLT property. In reviewing the Hierarchy Summary in evidence, Delta Black is a “2nd Tier, Priority 3” or even a “3rd Tier” (both of which address a non-homestead exempt residence) purchaser, whereas |flMs. Landry falls within the “4th Tier,” “Rear Adjacent Homestead Exempt Residences.” Thus, Delta Black had the right of first refusal regarding the purchase of the property in question.
Based on the foregoing, we reverse the judgment of the trial court and grant the permanent injunction prohibiting the sale, transfer, or conveyance of 6200 Birch Street, Meraux, Louisiana, from the Parish to Ms. Landry. In addition, we order the Parish to provide Delta Black with the first right to purchase 6200 Birch Street. Should Delta Black decline, the Parish may then offer the property to Ms. Landry.

JUDGMENT REVERSED; PERMANENT INJUNCTION GRANTED; REMANDED.

. A draft of the initial contact letter is available on the LNDP’s website, www. lotnextdoorsbp.com.

. 2021 Margaret Lane is legally designated as "Lot 7, Square B, St. Bernard Grove Plantation.”

.The servitude was owned by Terry Tedesco, Inc. that had acquired the property from St. Bernard Grove, Inc. in 1977.

. This matter was submitted to the court on briefs. Delta Black states that contact notice was deliberately not sent to it; the Parish does not refute that.

. Shortly thereafter, in November 2010, the Parish instituted the next phase of its LNDP: "St. Bernard Parish’s Lot Next Door Program-Back Door Properties." In order to be eligible to purchase a back door, the eligible property must have a 75% common rear with the LLT back door lot. Notice of this next phase may also be found on the LNDP’s website, www.lotnextdoorsbp.com.

. The fact that Ms. Landry now owns the 20-foot servitude on the other side of the LLT property is no moment.