JUDE G. GRAVOIS, Judge.
| ¡.Defendant/appellant, Thao Thi Duong, appeals the trial court’s May 16, 2014 grant of summary judgment in favor of plaintiff/appellee, Federal' National Mortgage Association (“Fannie Mae”). For the reasons that follow, we affirm.

FACTS AND PROCEDURAL HISTORY

On March 5, 2007, Thao Thi Duong executed a promissory note in the amount of $200,000.00 in favor of America’s Whole *921 sale Lender. The note was secured by a mortgage which encumbered property located at 7461 Silverado Drive in Marrero, Louisiana.
On January 11, 2012, after Ms. Duong had failed to pay her September 1, 2011 and thereafter installments due on the note, Fannie Mae filed a petition to enforce security interest via executo-ry process. The note was attached to the petition. It contained the following indorsement: “PAY TO THE ORDER OF [blank space] WITHOUT RECOURSE COUNTRY HOME LOANS, INC., A NEW YORK CORPORATION DOING BUSINESS AS AMERICA’S WHOLESALE LENDER.” This was followed by the signature of Michele laSjolander, as “Executive Vice President.” The petition alleged that Fannie Mae was owed the principal amount of $212,497.19 on the note, together with interest thereon at the rate of 6.87500% per annum, from August 1, 2011 until paid, and for all additional expenses incurred in enforcing the note and mortgage, including reasonable attorney’s fees. The petition prayed for the issuance of a writ of seizure and sale of the encumbered property. The trial court signed an order on January 12, 2012, directing that a writ of seizure and sale of the property be issued.
On February 3, 2012, Ms. Duong filed a petition for an order to suspend the seizure and sale of the property, for a preliminary and/or permanent injunction, for damages, and for the return of the seized property. She argued, among other things, that the indorsement on the note rendered it incomplete and “insufficient to support the use of executory process.” On April 9, 2012, the trial court denied Ms. Duong’s claims for injunctive relief, suspension of the seizure and sale order, and return of the seized property, and further ordered that her claim for damages be converted to an ordinary proceeding. On August 22, 2012, the property was sold at a Sheriff’s Sale to Fannie Mae.
On September 18, 2012, Ms. Duong filed an amended and supplemental petition for damages and/or for return of the seized property, which Fannie Mae subsequently answered. On May 15, 2013, Fannie Mae filed a motion for summary judgment, arguing that Ms. Duong’s claims for return of the seized property and for damages were barred by law of the case and/or res judicata and should be dismissed. On May 16, 2014, the trial court granted Fannie Mae’s motion for summary judgment and dismissed Ms. Duong’s claims with prejudice.
In its written reasons for judgment, pertinent to this appeal, the trial court found that La. R.S. 10:3 — 109(c) and 10:3 — 205(b) state that an instrument, such as a promissory note that is payable “to order,” can be converted by a blank | indorsement to bearer paper and may be assigned merely by transferring possession of the instrument. Therefore, as holder of the subject note, Fannie Mae had standing to seize and sell Ms. Duong’s property, and thus her allegations attacking the note could not serve as a basis for rescission of the sale or for damages.
On appeal, Ms. Duong argues that the trial court erred in: 1) failing to conclude that pursuant to La. R.S. 10:3-115, the subject note was an incomplete order instrument; and 2) ruling that the subject note was a bearer instrument, thus explicitly overruling prior court “precedent.”

LAW AND ANALYSIS

This matter comes to this Court on an appeal from the grant of a motion for summary judgment. Appellate courts review a district court’s grant of summary judgment de novo, viewing the record and *922 all reasonable inferences that may be drawn from it in the light most favorable to the non-movant. Bourgeois v. Boomtown, LLC of Delaware, 10-553 (La.App. 5 Cir. 2/15/11), 62 So.3d 166, 169. A motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories and admissions, together with the affidavits, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966. Summary judgment procedure is intended to make a just and speedy determination of every action. Id. It is favored, and the procedure shall be construed to achieve this intention. Id.
The party moving for summary judgment bears the initial burden of proof. La. C.C.P. art. 966(C)(2). However, if the movant will not bear the burden of proof at trial, the movant’s burden on a motion for summary judgment does not require him to negate all essential elements of the adverse party’s claim, but rather to point out to the court that there is an absence of factual support for one or more | ^elements essential to the adverse party’s claim. Id.; Patrick v. Iberia Bank, 05-788 (La.App. 5 Cir. 3/14/06), 926 So.2d 632, 634. Thereafter, if the non-moving party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentia-ry burden at trial, there is no genuine issue of material fact and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Paternostro v. Wells Fargo Home Mortg., Inc., 09-469 (La.App. 5 Cir. 12/8/09), 30 So.3d 45, 47-48.
The law of negotiable instruments, governed by the Louisiana Uniform Commercial Code, La. R.S. 10:1-101 et seq., underlies our review of this appeal of the trial court’s grant of summary judgment.

ASSIGNMENT OF ERRORS NOS. ONE AND TWO

Ms. Duong’s first assignment of error focuses on the trial court’s failure to conclude that La. R.S. 10:3-115 applies to the note in this case. La. R.S. 10:3-115 provides, in pertinent part:
(a) “Incomplete instrument” means a signed writing, whether or not issued by the signer, the contents of which show at the time of signing that it is incomplete but that the signer intended it to be completed by the addition of words or numbers.
According to Ms. Duong, the words “to the order of [blank]” included in the subject indorsement made the instrument incomplete order paper, not bearer paper, and thus Fannie Mae could not properly enforce the note.
Further, in Ms. Duong’s second assignment of error, she argues that the trial court erred in ruling that the note was bearer paper, thus overruling the court’s decision in Hong Kong Importers, Inc. v. American Exp. Co., 301 So.2d 707, 710 (La.App. 4 Cir.1974). Ms. Duong relies on La. R.S. 10:3-109[1] to argue that since |fian *923 instrument cannot be payable to both bearer and order at the same time, an instrument payable to order that does not list a payee is incomplete and cannot be negotiated until a payee is filled in the blank. Ms. Duong relies on the court’s decision in Hong Kong Importers, Inc., supra, in which the court found that “[w]here no payee is named and the instrument reads ‘payable to the order of_’ the instrument is incomplete and is not bearer paper.” Hong Kong Importers, Inc., 301 So.2d at 710.
Upon de novo review, we find that both of Ms. Duong’s assignments of error are without merit.
The promissory note at hand is a negotiable instrument. La. R.S. 10:3-104. The promissory note was originally payable to order, as it was payable to the order of America’s Wholesale Lender, an identified person. La. R.S. 10:3-109(b). According to La. R.S. 10:3-109(c), an instrument payable to an identified person may become payable to bearer if it is indorsed in blank pursuant to La. R.S. 10:3 — 205(b).
La. R.S. 10:3-205(a) and (b) provide as follows:
(a) If an indorsement is made by the holder of an instrument, whether payable to an identified person or payable to bearer, and the indorsement identifies a person to whom it makes the instrument payable, it is a “special indorsement.” When specially indorsed, an instrument becomes payable to the identified person and may be negotiated only by the indorsement of that person. The principles stated in R.S. 10:3-110 apply to special indorsements.
(b) If an indorsement is made by the holder of an instrument and it is not a special indorsement, it is a “blank indorsement.” W hen indorsed in blank, an instrument becomes payable to bearer and\jmay be negotiated by transfer of possession alone until specially indorsed.
(Emphasis added.)
America’s Wholesale Lender’s indorsement of the note constituted a blank in-dorsement, not a special indorsement, as no person was identified as the payee, thus converting it from a note payable to order to a note payable to bearer, and thus allowing the note to be negotiated to Fannie Mae by mere possession.
Though Ms. Duong argues that the in-dorsement created an incomplete instrument payable to order and not bearer paper, Comment 2 to La. R.S. 10:3-205 supports the conclusion that this was indeed a blank indorsement making the instrument bearer paper. Comment 2 to La. R.S. 10:3-205 states:
Subsection (b) is based on subsection (2) of former Section 3-204. An indorsement made by the holder is either a special or blank indorsement. If the indorsement is made by a holder and is not a special indorsement, it is a blank indorsement. For example, the holder of an instrument, intending to make a special indorsement, unites the words “Pay to the order of ’ without completing the indorsement by writing the name of the indorsee. The holder’s signature appears under the quoted words. The indorsement is not a special indorsement because it does not identify a person to whom it makes the instrument payable. Since it is not a special in- *924 dorsement it is a blank indorsement and the instrument is payable to bearer. The result is analogous to that of a check in which the name of the payee is left blank by the drawer. In that case the check is payable to bearer. See the last paragraphs of comment 2 to Section 3-115..
(Emphasis added.)
The last paragraph of comment 2 to Section 3-115 that is referenced in the above comment states as follows:
Suppose Debtor pays Creditor by giving Creditor a check on which the space for the name of the payee is left blank. The check is an instrument but it is incomplete. The check is enforceable in its incomplete form and it is payable to bearer because it does not state a payee. Section 3 — 109(a)(2). Thus, Creditor is a holder of the check. Normally in this kind of case Creditor would simply fill in the space with Creditor’s name. When that occurs the check becomes payable to the Creditor.
|sBoth of these comments clearly, support a finding that an indorsement made “to the order of [blank]” is considered a blank indorsement, thus making the instrument payable to bearer. La. R.S. 10:3 — 109(c) and La. R.S. 10:3-205. Further, the court in Wells Fargo Bank, N.A. v. Settoon, 12-1980 (La.App. 1 Cir. 06/07/13), 120 So.3d 757, 760, found that an allonge indorsed with “Pay to the order of: [blank space] Without Recourse” followed by a signature was an effective indorsement of the note; it constituted a blank indorsement, which rendered the note bearer paper, subject to negotiation by transfer of possession alone.
Further, although Ms. Duong argues that this finding will overrule the “precedent” set in Hong Kong Importers, Inc. v. American Exp. Co., supra, we find that that case was decided prior to the enactment of Louisiana’s current Uniform Commercial Code governing negotiable instruments, and as demonstrated above, the current laws support a finding that an indorsement made “to the order of [blank]” is considered a blank indorsement. Additionally, although Ms. Duong relies on case law favorable to her position from Mississippi and Kentucky, those cases are not binding on this Court.
In summary, we find that America’s Wholesale Lender’s indorsement was a blank indorsement making the note payable to bearer. We also find that it was properly negotiated when Fannie Mae came into possession of the note. La. R.S. 10:3-205(b). Since Fannie Mae then became holder of the note, Fannie Mae had the ability to enforce it through executory process. Consequently, upon our de novo review, we find that the trial court did not err in finding that as proper holder of the note, Fannie Mae had standing to seize and sell Ms. Duong’s property. Because no genuine issue as to material fact remains and Fannie Mae is entitled to | judgment as a matter of law, the trial court properly granted summary judgment in favor of Fannie Mae, dismissing Ms. Duong’s claims with prejudice.

CONCLUSION

For the foregoing reasons, the trial court’s grant of summary judgment in favor of Federal National Mortgage Association is affirmed. Costs of this appeal are assessed to defendant/appellant.

AFFIRMED.

. La. R.S. 10:3-109 provides:
(a) A promise or order is payable to bearer if it:
(1) states that it is payable to bearer or to the order of bearer or otherwise indicates that the person in possession of the promise or order is entitled to payment;
(2) does not state a payee; or
(3)states that it is payable to or to the order of cash or otherwise indicates that it is not payable to an identified person,
(b) A promise or order that is not payable to bearer is payable to order if it is payable (i) to the order of an identified person or (ii) to an identified person or order. A promise or order that is payable to order is payable to the identified person.
*923 (c) An instrument payable to bearer may become payable to an identified person if it is specially indorsed pursuant to R.S. 10:3~205(a). An instrument payable to an identified person may become payable to bearer if it is indorsed in blank pursuant to R.S. 10:3-205(b).