GUIDRY, J.
| gin this legal malpractice suit, the defendant, attorney Salvadore Christina, Jr., appeals a judgment granting a motion filed *565 by the plaintiffs, Michael and Paulla Aloi-sio, to enforce an alleged settlement agreement reached by the parties.
The record in this matter discloses that the Aloisios filed suit against Mr. Christina on December 20, 2010, alleging that he had charged them in excess of the agreed-upon percentage for representing them on a contingency fee basis in a personal injury suit. They also alleged that Mr. Christina committed malpractice by failing to file a Social Security claim that he had agreed to file on behalf of Mr. Aloisio. Mr. Aloisio eventually filed the Social Security claim himself, and once the claim was approved, Mr. Aloisio was granted benefits retroactive for up to twelve months preceding the date his claim was filed. Thus, the Alois-ios claimed Mr. Christina’s failure to file the claim when requested resulted in the loss of several months of uncollected Social Security payments.
Once issue was joined and discovery conducted, the Aloisios filed a motion for partial summary judgment on the issue of liability, and the motion was set for hearing on March 5, 2012. Prior to the scheduled hearing, Mr. Christina requested a continuance until such a time as the deposition of the Aloisios’ daughter, Beverly Delaune, could be taken and transcribed.[1] The trial court denied the motion to continue, and a hearing on the Aloisios’ motion for partial summary judgment was held as scheduled. Following argument and submission of the matter, however, the | atrial court decided to hold the case in abeyance until the Aloisios’ daughter was deposed. The deposition of Mrs. Delaune was conducted on March 15, 2012.[2]
In the meantime, the parties were also attempting to negotiate a possible settlement of the Aloisios’ suit. On March 2, 2012, Mr. Christina sent an email offering to settle the entire case for $50,000.00. Then on March 6, 2012, Mr. Christina presented a new offer to settle the entire case for $100,000.00, noting that if the parties were unable to resolve the case, they would be forced to depose Mrs. De-laune per the trial court’s order following the March 5, 2012 hearing. Counsel for the Aloisios responded to the March 6th offer in an email sent at 5:20 p.m. on the same date, stating that the Aloisios also wished to resolve the suit; however, counsel was only authorized to settle the entire matter for $170,000.00 with Mr. Christina paying court costs. Mr. Christina then responded, the same date, to state: “I have reviewed your clients’ counter to my proposal to settle this matter in its entirety, and although I cannot accept their offer, I am willing to increase my offer to $110,000.00.”
Counsel for the Aloisios responded to the $110,000.00 offer the following day to state that he would forward the offer to his clients, but stated that he would not recommend that they accept the offer. The next correspondence regarding Mr. Christina’s March 6th offer of $110,000.00 did not occur until April 4, 2012. On that date, counsel for the Aloisios sent an email to counsel for Mr. Christina acknowledging that prior to Mrs. Delaune’s deposition, Mr. Christina had offered to settle the *566 entire case for $110,000, “but [Mr. Christina] wanted to take [Mrs. Delaune’s] deposition before we went any further thinking that her testimony would help strengthen his position.” Counsel for the Aloisios then stated:
My client feels (and I agree) that his position was strengthened, not weakened, by [Mrs. Delaune’s] deposition. Nevertheless, he is willing |4to make one last attempt at trying to resolve this case amicably for less than 1/2 of his loss or the sum of $170,000.00 with your client paying all court costs. This offer will remain open through the close of business this Friday (April 6th) and thereafter will be considered withdrawn. Please transmit this offer to your client and let me have his response within the allotted time.
On April 6, 2012, the designated deadline for responding to the Aloisios’ April 4th offer, Mr. Christina rejected the Aloisios’ offer and instead made a new offer to settle the Social Security portion of the Aloisios’ suit for $23,976.00.
Over five months later, on September 20, 2012, counsel for the Aloisios sent an email to Mr. Christina and counsel representing him stating “my clients have given me the authority to accept the previous offer of Mr. Christina, confirmed by his email on March 7, 2012, offering to pay the sum of $110,000.00 to my clients to settle this case in exchange for a complete release.” On October 8, 2012, counsel for Mr. Christina responded to the Aloisios’ September 20, 2012 “acceptance” to state that Mr. Christina could settle the malpractice case for $23,000.00, but he could not settle the entire case for more than $100,000.00, because Mr. Christina did not have the money to fund settlement of the entire dispute. Counsel then stated that if the Aloisios were willing to “take less, we can of course talk further.”
Thereafter, the Aloisios filed a motion to enforce settlement, alleging that the parties had negotiated a settlement for $110,000.00, which Mr. Christina refused to honor; therefore, the Aloisios sought issuance of a judgment enforcing said settlement. A hearing on the Aloisios’ motion to enforce settlement was held on February 4, 2013, following which the trial court rendered judgment granting the Aloisios’ motion and further ordered Mr. Christina to pay the sum of $110,000.00 plus legal interest thereon and court costs to the Aloisios. Mr. Christina suspensively appealed the judgment finding that a settlement had been preached by the parties and ordering him to remit payment of the amount allegedly agreed to by the parties.
DISCUSSION
A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. C.C. art. 3071. A contract is formed by the consent of the parties established through offer and acceptance. La. C.C. art. 1927. Thus, before a district court can find the existence of a valid written compromise agreement, it must find an offer and an acceptance. Elder v. Elder & Elder Enterprises, Ltd., 06-0703, p. 3 (La.App. 4th Cir.1/11/07), 948 So.2d 348, 351, writ denied, 07-0560 (La.5/4/07), 956 So.2d 616. An offer not irrevocable under Civil Code article 1928 may be revoked before it is accepted. La. C.C. art. 1930. A revocation of a revocable offer is effective when received by the offeree prior to acceptance. La. C.C. art. 1937. Moreover, an acceptance not in accordance with the terms of the offer is deemed to be a counteroffer. La. C.C. art. 1943.
Considering the applicable law and the facts of record, we find that a binding *567 contract of settlement or compromise between the parties never existed, based on the fact that Mr. Christina’s offer was rejected prior to acceptance by the Alois-ios.
The record shows that the Aloisios rejected Mr. Christina’s offer to settle the entire suit for $110,000.00 when they responded with a counteroffer on April 4, 2012, to settle the entire suit for $170,000.00, with Mr. Christina paying all court costs. We find it appropriate to view the Aloisios’ April 4, 2012 offer as a counteroffer for two reasons. First, while most of the terms of the Aloisios’ April 4, 2012 offer were essentially the same as their previous counteroffer made on March 6, 2012, there was one additional term of significance. The April 4, 2012 | ,;offer by the Aloisios provided an express time period for acceptance, making the offer an irrevocable offer. See La. C.C. art. 1928. The March 6, 2012 counteroffer by the Aloisios did not express any such time limitation for acceptance. Secondly, and more importantly, the April 4, 2012 counteroffer could not be considered just a mere reiteration or continuation of the Al-oisios’ March 6, 2012 counteroffer, because the March 6th offer was expressly rejected by Mr. Christina on March 6, 2012. Thus, the Aloisios’ April 4, 2012 offer to Mr. Christina was not just a renewal of their previous counteroffer, but a new counteroffer to Mr. Christina’s offer made on March 6, 2012, to settle the entire suit for $110,000.00. As such, the Aloisios’ April 4, 2012 counteroffer served as a rejection of Mr. Christina’s $110,000.00 offer of March 6, 2012, making the $110,000.00 offer no longer viable or available for acceptance. See Sweet v. Iberia Parish School Board, 99-483, p. 6 (La.App. 3d Cir.11/3/99), 746 So.2d 256, 259, writ denied, 99-3414 (La.2/4/00), 754 So.2d 237.
CONCLUSION
Therefore, having found that the Alois-ios’ March 6, 2012 offer of $170,000.00 to settle the lawsuit was a counteroffer, whereby the Aloisios rejected Mr. Christina’s offer of $110,000.00 and thus terminated the offer, we reverse the judgment of the trial court granting the Alois-ios’ motion to enforce settlement agreement and remand this ease for further proceedings. All. costs of this appeal are assessed to Michael and Paulla Aloisio.
REVERSED AND REMANDED.

. Mr. Christina also requested the continuance because he had a deposition scheduled for the same date and time as the hearing and because he had recently terminated his relationship with his attorney of record. The trial court later denied the motion to withdraw submitted by Mr. Christina’s attorney.

. Following Mrs. Delaune ⅛ deposition, a new hearing on the Aloisios’ motion for partial summary judgment was scheduled, and following that hearing, the trial court denied the Aloisios’ motion for partial summary judgment.