PETTIGREW, J.
1 .This action was initiated by the filing of a Motion to Enforce Settlement on June 22, 2015, on behalf of the plaintiffs, ECW Recoveries, Houston Specialty Insurance Company, and Donald E. Richardson (hereinafter referred to collectively as “plaintiffs”). The motion'was based on allegations that plaintiffs had reached a final settlement with the defendant, Lance Woodward (Mr. Woodward), of any wrongful death claim he may have relative to the death of his father, Harold Woodward that occurred as a result of an automobile accident on October 8, 2014.[1] The issue on appeal is whether the district court erred in failing to recognize, as valid, an alleged settlement agreement between the parties, and alternatively, whether the district court abused its discretion in refusing to allow subsequent parole evidence to resolve alleged ambiguities in the purported settlement agreement.
BACKGROUND SUMMARY
At all pertinent times, Mr. Woodward was an inmate jailed at the Dixon Correctional Institute (DCI) in Jackson, Louisiana. The record contains a letter sent to Mr. Woodward at DCI. by plaintiffs’ attorneys, dated May 15, 2015, acknowledging receipt of a letter -from Mr. Woodward presenting a settlement demand of $75,000.00 as full and final settlement with ■the plaintiffs of any wrongful death claim Mr. Woodward, as heir, may have relative to his father’s death. In that letter, Mr. Woodward was advised that the plaintiffs were willing to pay $65,000.00 in full settlement of the matter. The letter contains a signature line at - the bottom with the words “Accepted by Lance Woodward” and “Date” underneath the line. Mr. Woodward was instructed in the letter to sign and return the letter to plaintiffs’ counsel, following which the appropriate settlement documents would be prepared and brought to him for signature, to expedite the release of the settlement funds.
[.(¡Plaintiffs assert that Mr. Woodward, during a telephone conversation on May 20, 2015, verbally agreed to a full and final settlement in the amount of $70,000.00. Significantly, in paragraph two of their motion, plaintiffs allege that during that conversation, Mr. Woodward “advised undersigned counsel that he would not accept the offer of $65,000.00 because he would have to pay his former attorneys for then-legal representation.” The record also contains a copy of the May 15, 2015 letter, signed by Mr. Woodward on May 20, 2015, over which is written in large, bold, black letters: “$70,000.00 per our conversation of 5/20/2015.” The record also contains a copy of a separate note handwritten by Mr. Woodward, also, dated May 20, 2015, which was attached to the letter signed by Mr. Woodward and returned to plaintiffs’ *124 counsel. In that note, Mr. Woodward wrote that pursuant to the telephone conversation on that date, “I am inclined to accept your offer to settle this matter for the sum of .... $70,000.00 contingent upon the following:
a) this matter will be completed within the follbwing week, with an appointment being made with ... DGI Assistant Warden Biekham at [telephone number provided].
b) upon the meeting, [counsel for plaintiffs] will provide Notary services to the Power of Attorney assigning authority to [Mr. Woodward’s] Mother, Brenda Woodward Carter and mail said settlement, disbursement check to her address to ascertain proper . mailing.”
Also attached to the plaintiffs’ motion to enforce settlement is a letter dated May 5, 2015, from Mr. Woodward’s previous attorney, Chelsea D. Dazet, asserting a lien for payment of legal services that she and Matthew B. Champagne rendered to Mr. Woodward during their representation of him "concerning his wrongful death claim. Ms'. Dazet asked in the letter that plaintiffs’ attorney protect their interest in those attorney fees owed to them by placing' their names on any check written to Mr. Woodward (reláted to the wrongful death claim.)
Plaintiffs contend that when they met with Mr. Woodward on June 8, 2015 (at an appointment scheduled through the Warden of DCI, at the direction of Mr." Woodward), for the purpose of effectuating the settlement agreed upon by phone, Mr. Woodward refused to execute the receipt and release memorializing the signed set-tlementj 4agreement, when he was presented with those documents and a prepared settlement check. Mr. Woodward’s refusal to sign and accept was based on the fact that the check for $70,000.00 was made payable to him as well as Ms. Dazet and Mr. Champagne.
Mr. Woodward’s refusal to execute the settlement agreement led to the plaintiffs filing, on June 22, 2015, the Motion to Enforce Settlement Agreement that forms the basis of this appeal. (At the time of the filing of said motion, a wrongful death suit based upon the fatal accident had not yet been filed.) Following a hearing on the motion held August 17, 2015, the district court rendered judgment, dated August 31, 2015, denying the plaintiffs’ motion to enforce the settlement.[2] In doing so, the district court stated:
It’s very clear in my mind that that figure was agreed upon and that it was all about wanting to get the money without his • attorney’s name. being on the check. But I think that that language does create some ambiguity in it that would give rise to the necessity of parole (sic) evidence to appropriately address it, so I’m going to have to deny the motion.
THE APPEAL
The plaintiffs assert the district court erred in failing to enforce what they maintain is a valid Written settlement agreement. They state "the issues 'as: whether there was a’valid enforceable settlement between the parties; and whether the district court should have considered subsequent parol evidence (letters of Lance *125 Woodward) to resolve .the alleged ambiguities in the settlement agreement language.
APPLICABLE LAW
A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a .dispute or-an uncertainty concerning an obligation or other legal relationship. La. C.C. art. 3071. A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings. La. C.C. art. 3072.
|sThe requirement that the agreement be reduced to writing necessarily implies that the agreement be evidenced by documentation signed by both parties. Ocwen Federal Bank, FSB v. Hawkins, 2003-1622 (La.App. 1 Cir. 5/14/04), 879 So.2d 759, 762, citing, Felder v. Georgia Pacific Corporation, 405 So.2d 521, 523 (La.1981).
Because a compromise is a contract, it is formed by the consent of the parties established through offer and acceptance. La. C.C. art. 1927. Thus, before a. district court can find the existence of a valid written .contract agreement, it must find an offer and an acceptance. Aloisio v. Christina, 2013-0676 (La.App. 1 Cir. 2/3/14), 146 So.3d 564, 566. Moreover, La. C.C. art.1 943 provides that an acceptance not in accordance with the terms of the offer is deemed to be a counteroffer. In order for a contract to be formed, an acceptance must be in all things conformable to the offer. An offer must be accepted as made to constitute a contract. A modification in the acceptance of an offer constitutes a new offer' which must be accepted in order to become a binding contract. LaSalle v. Cannata Corp., 2003-0954 (La.App. 1 Cir. 4/2/04); 878 So.2d 622, 624, writ denied, 2004-1100 (La.6/25/04); 876 So.2d 840.
ANALYSIS
After a thorough review of the record, the applicable law and jurisprudence, and the parties’ arguments, for the following reasons we find the district court did not err in concluding that the evidence was insufficient to establish that a valid’ and enforceable settlement agreement (i.e., contract) had been reached by the parties.
Initially, we note that there is no document that contains the signatures of all parties. The jurisprudence cited above holds that the requirement that the settlement agreement, be reduced to writing implicitly requires evidence by documentation signed by both parties. The documentation produced consists of a letter from the plaintiffs’ counsel to Mr. Woodward, that contains a signature line and the signature by Mr. Woodward dated May 20, 2015, the date there was a telephone conversation between Mr. Woodward and counsel for the plaintiffs. However, there is no evidence in the record of any document signed by the plaintiffs. Thus, this ’ contract requirement has’ not been met.
| (Additionally, attached to the letter containing Mr. Woodward’s signature together with a boldfaced handwritten notation over the entire letter stating: “$70,000.00 per our conversation of 5/20/2015”[3] is a handwritten letter by Mr. Woodward that states, in part, “I am inclined to accept your offer to settle this matter for the sum of Seventy .Thousand Dollars ($70,000.00) contingent upon the following: .... ” (Em *126 phasis added.) As noted earlier, pursuant to La. C.C. art. 1943, an acceptance not in accordance with the offer is deemed to be a counter offer. Thus, unless the “acceptance” is in accordance with the offer, it is not considered a valid acceptance necessary for a valid contract. The language in Mr. Woodward’s letter fails to meet the requirement of a valid acceptance for two reasons. First, Mr. Woodward indicates he is inclined to accept the offer, not that he accepts the offer. Additionally, Mr. Woodward made his inclination to accept contingent on two conditions (quoted previously in this opinion.)
There is no evidence in the record that these two contingencies were met, in fact, the date of the meeting at DCI was beyond the one week contingency as stated in Mr. Woodward’s letter. (We acknowledge that the scheduling was complicated by the fact that Mr. Woodward is an inmate and the meeting had to be scheduled though the Assistant Warden, and we also note that Mr. Woodward attended the meeting on June 8, 2015, and did not object on the basis that it was more than the week time limit in his stated contingency.) However, the fact remains that Mr. Woodward only indicated an inclination to accept, and there is no subsequent definitive acceptance by Mr. Woodward sufficient to constitute a valid contract.
Finally, even if, for the sake of argument only, there was a valid contract and a valid acceptance, the actual check presented to Mr. Woodward did not conform with the “contract” in that it was written payable to both, Mr. Woodward and his previous attorneys, a significant deviation from the verbal offer made to settle with Mr. Woodward for the total amount of $70,000.00. Indeed, this was the basis for Mr. Woodward’s 17refusal to execute the final receipt and release to effectuate the alleged settlement offer, as that significant change in the settlement was never discussed with him and was not made a part of the “agreement.” Moreover, as noted earlier, plaintiffs’ motion itself reflects that it had specific knowledge gained through telephone communications with Mr. Woodward that he did not want to settle for an amount of funds that included any amount that he owed, and would have to pay, his prior attorneys.
Thus, for all the foregoing reasons, there is ample support in the record for the district court’s conclusion that there was no valid settlement and its denial of the motion to enforce. Accordingly, we find no error.[4]
CONCLUSION
For the reasons expressed herein, we find no error in the district court’s judgment, denying the plaintiffs’ motion to enforce the settlement. Accordingly, that judgment is affirmed. The plaintiffs are assessed all costs of this appeal.
AFFIRMED.
CRAIN, J., concurs and assigns reasons.

. The record reveals that a pickup truck owned by ECW Recoveries and driven by its employee, Donald E. Richardson, crossed the center line and struck a vehicle driven by Harold Woodward, who was killed as a result of the impact.

. We note that the August 17, 2015 judgment was not a final judgment; however, the record reveals the record was supplemented on September.25, 2015, with documentation that the district court designated the judgment as final for purposes of appeal pursuant to 1915B. Therefore, any issue as to the finality of the August 17, 2015 judgment has now been resolved. ■

. There is no evidence in the, record to establish who added that boldfaced handwritten amendment to the letter.

. In the alternative, and based on the district court’s finding that there were ambiguities in the language of the agreement (particularly insofar as Mr. Woodward stated he was “inclined” to accept), the plaintiffs argue that the district court should have allowed parole evidence to resolve those ambiguities. However, we have found that there was no settlement agreement because the elements of a valid contract were not met — not because of any ambiguities in the language of the purported settlement agreement. Accordingly, this alternate assignment of error is not applicable in light of our finding that the district court did not err in concluding no settlement agreement had been reached. Accordingly, we need not address this argument.