HANS J. LILJEBERG, JUDGE
| plaintiffs, Clyde and Mary Price, appeal a summary judgment granted in favor of defendant, Entergy Louisiana, L.L.C. (“ELL”), finding that ELL was Mr. Price’s statutory employer and dismissing plaintiffs’ tort claims against ELL. For the following reasons, we reverse the summary judgment and remand this case for further proceedings.
FACTS AND PROCEDURAL HISTORY
On June 9, 2005, Chain Electric Company (“Chain”) and Entergy Services, Inc. (“ESI”) entered into a written agreement, *390 entitled “Entergy Systemwide Multipurpose Maintenance, Modification and Construction General Services Agreement” (“the Agreement”), bearing contract number 10092965. Pursuant to the Agreement, ESI and Chain agreed that any “affiliate” of ESI could issue Contract Orders to Chain requesting Chain’s services. The parties further agreed that any and all Contract Orders issued by an affiliate were deemed to incorporate the provisions of the Agreement. The Agreement provides that an affiliate that issues a Contract Order to Chain is recognized as the statutory employer of Chain’s employees.
On June 1, 2011, Chain and ELL entered into a Contract Order, bearing contract number 10318822 and providing that Chain would perform services for ELL, commencing on June 1, 2011 and ending on May 31, 2013. This Contract Order indicates that it was issued pursuant to the Agreement, number 10092965, between ESI and Chain.
On November 28, 2012, while working as an employee of Chain, Clyde Price was assisting with excavation and trenching work for the purpose of adding additional line capacity for ELL. Mr. Price sustained injuries when an incident or “cave-in” occurred in the trench where he was working. On December 2, 2013, Mr. Price and his wife, Mary Price, filed this lawsuit against Chain, Entergy ^^Corporation, and/or its affiliate, alleging that defendants were negligent by failing to ensure that proper safety procedures were followed.[1] Plaintiffs subsequently amended their petition to name ELL as a defendant, in lieu of Entergy Corporation.
On September 21, 2015, ELL filed a motion for summary judgment, seeking dismissal of plaintiffs’ claims against it, arguing that ELL was Mr. Price’s statutory employer and, thus, ELL is immune from tort claims, with worker’s compensation being plaintiffs’ exclusive remedy. ELL asserted that the clear language of the Agreement, the Contract Order, and La. R.S. 23:1061 establish that ELL was Mr. Price’s statutory employer.
In support of its motion for summary judgment, ELL submitted several exhibits, including the affidavits of Diane Ehlers and Randy Gegenheimer, as well as a copy of the Agreement and the Contract Order at issue. In Ms. Ehlers’ affidavit, she stated that she is employed as a Procurement Specialist, Sr. for ESI, that she has regular access to and is personally familiar with the business records of ESI, and that ELL is a subsidiary and affiliate of ESI and Entergy Corporation. In Mr. Gegen-heimer’s affidavit, he stated that he is a Construction Supervisor for ELL and that ELL is a subsidiary and affiliate of ESI and Entergy Corporation. He stated that the work Chain was to perform pursuant to its agreement with ELL was an integral part of ELL’s business and essential to ELL’s ability to supply electrical power to residences and businesses throughout Louisiana.
On November 20, 2015, plaintiffs filed a memorandum in opposition to ELL’s motion for summary judgment, in which they argued that ELL did not present sufficient proof to establish that it is an affiliate of ESI under the terms of the Agreement. They asserted that the affidavits of Ms. Ehlers and Mr. Gegenheimer contain con-clusory statements that ELL is a subsidiary and affiliate |sof ESI, but they do not address the requirements of the definition *391 of “affiliate” set forth in the Agreement. Plaintiffs further argued that ELL could not have been an affiliate of ESI under the Agreement, because ELL was not in existence when the Agreement was executed. They asserted that because ELL has not shown that it is an affiliate of ESI, it was not the statutory employer of Mr. Price.[2]
In response to plaintiffs opposition memorandum, ELL filed a reply memorandum, arguing that the language of the Agreement clearly shows that it was intended to apply to future entities, such as ELL. ELL submitted an affidavit of Mark Otts, the Assistant General Counsel for Corporate and Securities with ESI. Mr. Otts indicated that he has regular access to and is personally familiar with the business records of Entergy Corporation, and he stated that ELL is a subsidiary and affiliate of Entergy Corporation and an affiliate of ESI. In Ms affidavit, Mr. Otts noted that “affiliate” is defined in clause (b) of the Agreement as;
any corporation, company, partnership or other entity in the United States in which Entergy Corporation now or hereafter owns or controls, directly or indirectly, more than fifty percent (50%) of the ownership interest having the right to vote or appoint its directors or their functional equivalents.
Mr. Otts attached an Organizational Chart for Entergy Corporation to his affidavit. In his affidavit, Mr. Otts explained the orgamzational structure of the corporation and stated that Entergy Corporation owns all of the stock of ESI. He stated that Entergy Corporation also owns all the membership interests in Entergy Louisiana Holdings, L.L.C., and that En-tergy Louisiana Holdings, L.L.C. owns all of the membership interests in ELL.
ELL’s motion for summary judgment came for hearing before the trial court on February 23, 2016. At the conclusion of the hearing, the trial court found that ELL established that it is an affiliate of ESI under the Agreement and thus, ELL |4was the statutory employer of Mr. Price. The trial court granted summary judgment in favor of ELL and dismissed plaintiffs’ claims against it with prejudice. Plaintiffs appeal.
LAW AND DISCUSSION
On appeal, plaintiffs contend that the trial court erred 'by granting ELL’s motion for summary judgment, finding that ELL was the statutory employer of Mr. Price at the time of the accident. They assert that ELL did not prove that it was an affiliate of ESI pursuant to the terms of the Agreement. We agree.
An appellate court reviews a trial court’s decision to grant a motion for summary judgment de novo, using the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 750; Bourgeois v. Boom-town, LLC of Delaware, 10-553 (La.App. 5 Cir. 2/15/11), 62 So.3d 166, 169. A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Mbari-ka v. Bd. of Supervisors, 07-1136 (La.App. 1 Cir. 6/6/08), 992 So.2d 551, 561. A motion for summary judgment shall be granted if the motion, memoranda, and supporting documents show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The burden of proof on a motion for summary judgment rests with the mover. La. C.C.P. art. 966(D)(1).
*392 In the present case, as the mover, it was ELL’s burden to show that it was an affiliate pursuant to the Agreement and thus the statutory employer of Mr. Price, which would result in worker’s compensation being plaintiffs’ exclusive remedy. In support of its motion for summary judgment, ELL submitted the Agreement, Contract Order, amended and original petitions, and the affidavits of Ms. Ehlers and Mr. Gegenheimer. In their affidavits, Ms. Ehlers and Mr. Gegenheimer asserted that ELL is an affiliate of ESI and Enter-gy Corporation. However, they Rdid not address the requirements of the definition of “affiliate” as set forth in the Agreement, and they did not provide any specific facts as to how they determined that ELL met the definition of “affiliate” in the Agreement. They did not explain or show that “Entergy Corporation now or hereafter owns or controls, directly or indirectly, more than fifty percent (50%) of the ownership interest having the right to vote or appoint its directors or their functional equivalents,” or that ELL met any of the other provisions defining “affiliate" under the Agreement.
On February 16, 2016, ELL filed a reply memorandum to which it attached Mr. Otts’ affidavit and the. Organizational Chart for Entergy Corporation. However, the trial court should not have considered this evidence in support of ELL’s motion for summary judgment.
At the hearing on the motion Tor summary judgment, ELL’s counsel requested to offer, file, and introduce “Exhibits A through E” into evidence. The trial court replied that the exhibits that were “attached” had already been admitted.[3] However, the documents attached to the reply memorandum- were not already admitted into evidence.
ELL’s motion for summary judgment was filed on September 21, 2015. At that time, La. C.C.P. art. 966(F)(2) provided, in pertinent part:
Evidence cited in and attached to the motion for summary judgment or memorandum filed by an adverse party is deemed admitted for purposes of the motion for summary judgment. ... Only evidence admitted for purposes of the motion for summary judgment may be considered by the court in its ruling on the motion.
This article did not provide that any evidence attached to a reply memorandum was deemed admitted.
IfiWe note that La. C.C.P. art. 966 was amended by Acts 2015, No. 422, § 1, of the Louisiana Legislature, with an effective date of January 1, 2016. Similar to the language of this Article prior to this amendment, La. C.C.P. art. 966(D)(2) now reads, in pertinent part, “[t]he court may consider only those documents filed in support of or in opposition to the motion for summary judgment.” La. C.C.P. art, 966(B)(3) provides that “[n]o additional documents may be filed with the reply memorandum.” Comment (d) of La. C.C.P. art. 966 notes, “[tjhis Article continues the rule that no new documents may be filed with a reply memorandum.” Thus, under the language of La. C.C.P. 966, both before and after the 2015 amendments, only documents attached to the motion for summary judgment and opposition, not a reply memorandum, are deemed admitted.
Accordingly, in the present case, while the exhibits attached to ELL’s motion for *393 summary judgment and plaintiffs’ opposition were deemed admitted pursuant to La. C.C.P. art. 966, the documents attached to the reply memorandum were not deemed admitted. Thus, because Mr. Otts’ affidavit and the Organizational Chart were not attached to the motion for summary judgment or otherwise properly admitted into evidence for consideration by the trial court, the trial court should not have considered them and this Court cannot consider these documents in its de novo review.
Based on our de novo review of the motion for summary judgment, opposition, and the exhibits attached to and properly admitted with the motion and opposition, we find that ELL did not meet its burden of proving that it was an affiliate under the Agreement, that plaintiffs’ exclusive remedy in this matter is worker’s compensation, or that it was entitled to judgment as a matter of law. Although Ms. Ehlers and Mr. Gegenheimer stated in their affidavits that ELL was an affiliate of ESI, without further evidence that ELL meets the definition of “affiliate” set forth in the Agreement, the evidence submitted in support of ELL’s |7motion for summary judgment was insufficient to show that ELL was entitled to summary judgment. Accordingly, we reverse the summary judgment granted by the trial court.
DECREE
For the foregoing reasons, we reverse the summary judgment granted in favor of ELL, and remand this matter to the trial court for further proceedings.
REVERSED AND REMANDED

. Plaintiffs also alleged that Chain intentionally exposed Mr. Price to a dangerous work-site. However, Chain was dismissed from this lawsuit on an exception of no cause of action based on a finding that plaintiffs' exclusive remedy against Chain was for worker’s compensation.

. Plaintiffs also filed a cross motion for summary judgment, seeking a determination that Mr. Price was not a statutory employee of ELL.

. The transcript does not indicate which documents were labeled Exhibits A through E. However, it is noted that the exhibits attached to ELL's motion for summary judgment were labeled A through D, and one additional exhibit, Mr. Otts' affidavit with the Organizational Chart, was attached to and referred to as Exhibit E in ELL’s reply memorandum.