GUIDRY, J.
|2In this action seeking enforcement of an alleged oral contract, plaintiff/appellant, Diversified Marine Services, LLC (Diversified), appeals from a trial court judgment granting summary judgment in favor of defendant/appellee, Jewel Marine, Inc. (Jewel), and dismissing Diversified’s claims with prejudice. For the reasons that follow, we affirm.
FACTS AND PROCEDURAL HISTORY
Jewel owned a vessel, the MW Diamond Edge, which had been damaged in a collision and taken to Superior Shipyard for repairs. Thereafter, Jewel’s insurer instructed it to solicit bids from third parties to determine the vessel’s value. On April 9, 2016, Robert Boudreaux, Jr., a member of Diversified, met with Treva Crosby of Jewel at Superior Shipyard to inspect the vessel. That same afternoon, Diversified, through Boudreaux, made an offer to Robbie Crosby (Crosby), the President of Jewel, to purchase the vessel for $150,000. At that time, Crosby stated that he would take the offer under consideration. Negotiations continued between Diversified and Jewel, which included discussions regarding preparation of a United States Coast Guard bill of sale, abstract of title, and purchase agreement. However, none of these documents were ever provided to Diversified, because on May 6, 2016, Jewel notified Boudreaux that it was selling the vessel to a third party who had offered a higher amount.
Thereafter, on May 21, 2015, Diversified filed a petition for damages, naming Jewel as a defendant and asserting that during a conversation on May 1, 2015, Crosby told Boudreaux that he accepted Diversified’s offer of $150,000 to purchase the vessel. Diversified further alleged that Crosby thereafter notified Boudreaux on May 6, 2015, that someone else had made a higher offer to buy the vessel, and that he was going to accept the other offer. Accordingly, Diversified contended that it had an oral contract to sell the vessel, which Jewel breached. | .(¡Diversified sought specific performance of the contract of sale, or in the alternative, damages to compensate it for its loss of the benefit of the bargain it had sustained. Alternatively, Diversified asserted that Jewel was liable to it for damages under the theory of detrimental reliance.
After filing exceptions and an answer, Jewel filed a motion for summary judgment on October 28, 2015, asserting that the undisputed facts establish that there was no contract for the sale of the M/V Diamond Edge and, alternatively, even if *1012 there was a contract, it is unenforceable. Particularly, Jewel asserted that Diversified had hot produced corroborating evidence of an oral contract for the sale of the vessel, and that if a contract was confected, it was, unenforceable because Diversified cannot satisfy the statute of frauds. Additionally, .Jewel -asserted that Diversified cannot establish detrimental reliance because it cannot show: a sale was perfected such that a representation of completed sale existed; any basis for why its reliance was justified; and a change in its position because of that reliance.
After granting two continuances to allow the parties time to conduct additional discovery, the-trial court held a hearing on Jewel’s motion on February 26, 2016. At the conclusion of the hearing, the trial court found Diversified failed to present corroborating evidence of an oral contract and further failed to produce any evidence that it changed its position in reliance upon negotiations with Jewel. As such, the trial court signed a judgment granting Jewel’s motion for summary judgment and dismissing Diversified’s suit with prejudice. Diversified now appeals from the trial court’s judgment.[1]
MOTION TO DISMISS
Following the lodging of the appeal by Diversified with this court, Jewel filed a motion to dismiss the appeal and enforce settlement, asserting that the | ¿parties had entered into an agreement to dismiss the appeal in exchange for each party bearing its own costs. Particularly, Jewel asserted that on April 25, 2016, counsel for Diversified sent an email to counsel for Jewel stating: “My client has authorized [me] to disrniss our appeal under the condition that each side bear its own costs. Please let me know if [y]our client is agreeable to this proposal.”' Thereafter, on April 29, 2016, at 3:04 pm, 'counsel for Jewel replied to the email, simply'stating “agreed.” As such, Jewel contends that this agreement constitutes an enforceable compromise and, as such, Diversified’s appeal should be dismissed. .
A compromise is a ‘contract whereby the parties, through-concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. La. C.C. art. 3071. There are two essential elements of a compromise: (1) mutual intention of preventing or putting an end to the litigation and (2) reciprocal concessions of the parties to adjust their differences.” Trahan v. Coca Cola Bottling Company United, Inc., 04-0100, p. 10 (La. 3/2/05), 894 So.2d 1096, 1104. A compromise must be made in writing or recited in open court and recorded so that it is susceptible of transcription. La. C.C. art. 3072.
Because a compromise is a contract, the basic requirement of consent to contract must be present. See Dozier v. Rhodus, 08-1813, p. 11 (La.App. 1 Cir. 5/5/09), 17 So.3d 402, 409, writ denied, 09-1647 (La. 10/30/09), 21 So.3d 294. Consent of the parties to enter into a contract is established through offer and acceptance. See La. C.C. art. 1927. Thus, before a district court can find the existence of a valid written compromise agreement[2], it *1013 must find an offer and an acceptance. Aloisio v. Christina, 13-0676, p. 5 (La.App. 1 Cir. 2/3/14), 146 So.3d 564, 566. An offer not irrevocable under La. C.C. art. 1928[3] may be revoked before it is accepted. La. C.C. art. 1930. A revocation of a revocable offer is effective when it is received by the offeree prior to acceptance. La. C.C. art. 1937.
In opposing Jewel’s motion to dismiss appeal and enforce settlement agreement, Diversified contends that on April 27, 2016, at 10:13 am, counsel for Diversified sent counsel for Jewel an email stating “I assume your lack [of a] response indicates your client is not willing to accept our proposal. Therefore[,] we will proceed with the appeal.” Thereafter, on April 29, 2016 at 2:47 pm, counsel for Jewel responded to the April 27, 2016 email, stating “I never got the message. I will recommend they accept.” Diversified asserts, therefore, that the April 27, 2016 email was a revocation of its original offer to dismiss Diversified’s appeal, and that Jewel had notice of Diversified’s revocation prior to Jewel’s purported acceptance at 3:04 pm on April 29,2016.
Webster’s New Collegiate Dictionary defines “revoke” as “to nullify by withdrawing, recalling, or reversing.” Webster’s New Collegiate Dictionary 972 (3rd Ed. 2008). Black’s Law Dictionary defines “revocation” as “withdrawal of an offer by the offeror.” Black’s Law Dictionary 1321 (7th Ed. 1999).
From our review of the evidence submitted in support of and in opposition to Jewel’s motion to dismiss and enforce settlement, we find that the April 27, 2016 email expresses that Diversified was revoking the offer to dismiss its appeal. The object of the proposed settlement was dismissal of the appeal, and the April 27,2016 email clearly states that due to a lack of response from counsel for Jewel, Diversified will proceed with the appeal. While the language of the email may not specifically state that Diversified is “withdrawing its offer,” that is its clear meaning. Accordingly, because Diversified revoked its offer to dismiss the appeal |fiprior to the offer’s acceptance by Jewel, there is no enforceable compromise, and we therefore deny Jewel’s motion to dismiss the appeal.
STANDARD OF REVIEW
A motion for summary judgment is a procedural device used to avoid a full scale trial when there is no genuine issue of material fact. Johnson v. Evan Hall Sugar Cooperative, Inc., 01-2966, p. 3 (La. App. 1 Cir. 12/30/02), 836 So.2d 484, 486. A motion for summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, admitted for purposes of the motion for summary judgment, show that there is no genuine issue of material fact, and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B)(2).[4] Only evidence admitted for purposes of the motion for summary judgment shall be considered by the court in its ruling on the motion. La. C.C.P. art. 966(F)(2). In determining *1014 whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial-court’s determination of whether summary judgment is appropriate. Lieux v. Mitchell, 06-0382, p. 9 (La.App. 1 Cir. 12/28/06), 961 So.2d 307, 314, writ denied, 07-0905 (La. 6/15/07), 958 So.2d 1199.
On a motion for summary judgment, the burden of proof is on the mover. If, however, the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover’s burden on the motion does not require that all essential elements of the adverse party’s claim, action, or defense be negated. Instead, the mover must point out to the court that there is an absence of factual support for one or more elements essential to the 17adverse party’s claim, action, or defense. Thereafter, the adverse party must produce factual evidence sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and the mover is entitled to summary judgment. La. C.C.P. art. 966(C)(2).
A fact is material when its existence or nonexistence may be essential to plaintiffs cause of action under the applicable theory of recovery. Facts are material if they potentially insure or preclude recovery, affect a litigant’s ultimate success, or determine the outcome of the legal dispute. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512, p. 27 (La. 7/5/94), 639 So.2d 730, 751. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Charlet v. Legislature of the State of Louisiana, 97-0212, p. 7 (La.App. 1 Cir. 6/29/98), 713 So.2d 1199, 1203, writs denied, 98-2023, 98-2026 (La. 11/13/98), 730 So.2d 934.
DISCUSSION
The party claiming the existence of a contract has the burden of proving that the contract was perfected between himself and his opponent. La. C.C. art. 1831. When a writing is not required by law, a contract not reduced to writing for a price or value above $500.00 must be proved by at least one witness and other corroborating circumstances. La. C.C. art. 1846; Imperial Chemicals Limited v. PKB Scania (USA), Inc., 04-2742, pp. 7-8 (La. App. 1 Cir. 2/22/06), 929 So.2d 84, 90, writ denied, 06-0665 (La. 5/26/06), 930 So.2d 31. To meet the burden of proof on an oral contract by a witness and other corroborating circumstances, a party may serve as his own witness and the “other corroborating circumstances” may be general and need not prove every detail of the plaintiffs case. However, the corroborating circumstances that are required must come from a source other |sthan the plaintiff. Commercial Flooring and Mini Blinds, Inc. v. Edenfield, 13-0523, p. 7 (La.App. 1 Cir. 2/14/14), 138 So.3d 30, 36.
In moving for summary judgment, Jewel pointed out that Diversified is not able to establish formation of a contract for the M/V Diamond Edge nor is it able to provide any corroborating evidence of such a contract. Jewel attached to the memorandum in support of its motion for summary judgement a copy of Diversified’s petition and accompanying exhibits, including the affidavits of Robert Boudreaux and Jessica Boudreaux; a text message from Crosby; and emails between Diversified and Jewel; Diversified’s answers to interrogatories; and a statement of uncontested facts.
Jewel asserted that Diversified’s recitation of facts, which it adopted in its statement of uncontested facts, even if assumed *1015 to be true for purposes of the motion, describes only verbal negotiations and does not establish that any sale took place. Further, Jewel asserted that the exhibits attached to Diversified’s petition do not corroborate any oral contract to sell the vessel.
Accordingly, the burden shifted to Diversified to come forward with evidence establishing that it would be able to prove at trial that Diversified and Jewel entered into an oral contract for the sale of the M/V Diamond Edge for $150,000. In its opposition to Jewel’s motion for summary judgment, Diversified asserted that witness testimony, in the form of affidavit testimony from Robert Boudreaux and Jessica Boudreaux, establishes that an oral contract was perfected. Additionally, Diversified asserted that Jewel’s admissions in its statement of uncontested facts, emails and text messages between the parties, and emails between Jewel and its insurer agreeing to settle Jewel’s insurance claim for the vessel based on Jewel’s acceptance of submitted bids provided corroborating circumstances of the oral contract to sell the vessel to Diversified. Diversified attached a copy of its petition and accompanying exhibits, emails between Jewel |gand its insurer, excerpts from Diversified’s deposition, and its response to Jewel’s statement of uncontested facts.
From our review of the evidence submitted in conjunction with the motion for summary judgment, we find that Diversified failed to establish an oral contract with Jewel for the sale of the M/V Diamond Edge.[5] The affidavit testimony of Robert Boudreaux, as a representative for Diversified, states that Diversified extended an offer to Crosby on April 9, 2015, to buy the M/V Diamond Edge from Jewel for $150,000 and that Crosby accepted that offer on May 1, 2015. As a representative for Diversified, Boudreaux’s testimony is sufficient witness testimony to establish an oral contract. See Commercial Flooring and Mini Blinds, Inc., 13-0523 at p. 7, 138 So.3d at 36. However, Diversified failed to put forward any corroborating evidence of the alleged oral contract.
As noted above, Diversified submitted copies of emails and a text message in support of its argument that an oral contract was perfected between the parties. With regard to the emails between Diversified and Jewel, Diversified produced only one email from Jewel, which does not mention any kind of agreement.[6] Rather, the *1016 email simply provides contact information and vaguely requests that | inBoudreaux’s secretary email information to Jewel that it will need Jewel to provide. Likewise, the email from Diversified’s counsel merely reiterates the substance of Boudreaux’s affidavit and as such, does not provide any independent corroborating evidence of an oral contract. Furthermore, the text message sent from Crosby to Boudreaux on May 1, 2015, simply asks Boudreaux to “give [him] a call,” and does not reference any specific information about a proposed sale of the vessel.
Additionally, the emails submitted by Diversified as part of the business records maintained by Jewel’s insurer, Fidelis Claims Service, LLC, also fail to provide corroborating evidence of an oral contract between Diversified and Jewel. The emails discuss settlement of Jewel’s insurance claim regarding the M/V Diamond Edge with its insurer and .state that Jewel had received multiple salvage bids. The emails demonstrate negotiations between Jewel and its insurer, whereby Jewel attempted to obtain the highest amount for its loss. Counsel for Jewel acknowledged receipt of an offer for $150,000 from Diversified and enclosed a copy of an email from Bou-dreaux, whereby Boudreaux extended an offer of $150,000 for the M/V Diamond Edge.[7] However, the email does not state that Jewel accepted this bid, and in fact, requests information on any additional scrap or salvage bids that the insurer may receive. Furthermore, in a subsequent email, counsel for Jewel noted that Jewel was willing to accept “$2,195,000, plus salvage value (Jewel to sell the boat for $150,000 or $175,000).” However, Diversified acknowledges that it only offered to purchase the M/V Diamond Edge for $160,000 and never discussed with Jewel paying a higher amount. As such, because these emails do not corroborate that Jewel accepted Diversified’s offer of |n $150,000 for the M/V Diamond Edge, the emails therefore do not corroborate an oral contract between Diversified and Jew’el for the purchase of the vessel.
Diversified also relies on statements made by Jewel in its statement of uncontested facts as corroborating evidence of an oral contract. However, the statements made by Jewel, which it expressly states come from Diversified’s petition and are adopted only for purposes of the motion for summary judgment, detail Diversified’s inspection of the vessel, the oral offer made by Boudreaux on behalf of Diversified, continued negotiations between Diversified and Jewel, and the agreement to prepare a Coast Guard Bill of Sale. However, the statement of facts does not state that Jewel accepted Diversified’s offer. Furthermore, while acknowledging that Jewel agreed during negotiations to prepare a Coast Guard Bill of Sale, Jewel specifically denies in its statement of fact that a Coast Guard Bill of Sale or any other paperwork in furtherance of a sale of the vessel was prepared, and Diversified does not dispute this fact.
Finally, Diversified'argues on appeal that the trial court erred in rendering summary judgment without allowing Diversified an opportunity to conduct additional discovery. Louisiana Code of Civil Procedure article 966(C)(1) expressly predicates the granting of a motion for summary judgment upon “adequate discovery” *1017 being accomplished, or a party being at least afforded the opportunity to undertake adequate discovery. Judson v. Davis, 04-1699, p. 13 (La.App. 1 Cir. 6/29/05), 916 So.2d 1106, 1115-1116, writ denied, 05-1998 (La. 2/10/06), 924 So.2d 167. But there is no absolute right to delay an action on a motion for summary judgment until discovery is completed. Judson, 04-1699 at p. 13, 916 So.2d at 1116. The only requirement regarding discovery in the context of summary judgment is that the parties be given a fair opportunity to present their claims. Judson, 04-1699 at p. 13, 916 So.2d at 1116.
11gIn the instant case, the parties agreed to two continuances of the hearing on the motion for summary judgment in order to allow Diversified an opportunity to conduct additional discovery before opposing the motion. During that time, Diversified took the depositions of Jewel representatives and employees Treva Crosby, Robbie Crosby, and Nancy Badeaux and obtained additional records from Jewel and its insurer. Further, despite Diversified’s contention in its opposition that “discovery is still ongoing” and that it anticipates “taking several more depositions prior to trial and expects that additional evidence supporting its case will be developed,” Diversified did not formally request additional time or move for a continuance of the summary judgment hearing in order to obtain additional discovery nor did it specify what additional discovery it was seeking. Furthermore, Diversified acknowledged in its opposition that despite any outstanding discovery, “based on the evidence already developed, it is obvious that significant issues of material fact exist that preclude summary judgment against Diversified.” Accordingly, considering Diversified’s failure to object or otherwise move for a continuance in the trial court, and Diversified’s expressed confidence in the evidence already offered in opposition to the motion for summary judgment, we find Diversified s argument on appeal that the trial court erred in failing to allow Diversified the opportunity to conduct additional discovery to be without merit.
Therefore, based on our review of the record, we find that Diversified failed to come forward with evidence establishing that it would be able to meet its burden of proving an oral contract between Diversified and Jewel for the purchase of the M/V Diamond Edge for $160,000. Thus, Jewel is entitled to summary judgment in its favor.
^CONCLUSION
For the foregoing reasons, we deny Jewel’s motion to dismiss the appeal and enforce settlement agreement. We affirm the judgment of the trial court, granting summary judgment in favor of Jewel and dismissing Diversified’s claims against it with prejudice. All costs of this appeal are assessed to Diversified Marine Services, Inc,
MOTION TO DISMISS DENIED; JUDGMENT AFFIRMED.

. On appeal, Diversified limits its argument to the trial court’s dismissal of its claim for breach of an oral contract and does not raise as error the trial court’s dismissal of its claim for detrimental reliance, Accordingly, we do not consider the issue of detrimental reliance on appeal.

. Although we do not reach this issue, we note that several courts have found that emails exchanged between counsel may be sufficient to satisfy the writing requirement of La. C.C. art. 3072. See Dozier, 08-1813 at pp. 11-13, 17 So.3d at 409-410; Geer v. BP America Production Co., 14-450, p. 7 (La. *1013 App. 3rd Cir. 11/5/14), 150 So.3d 621, 626, writ denied, 14-2558 (La. 2/27/15), 159 So.3d 1070; Klebanoff v. Haberle, 43, 102, p. 11 (La. App. 2nd Cir. 3/19/08), 978 So.2d 598, 605.

. An offer that specifies a period of time for acceptance is irrevocable during that time.

. Louisiana Code of Civil Procedure article 966 was amended and reenacted by Acts 2015, No. 422, § 1, with an effective date of January 1, 2016. The amended version of article 966 does not apply to any motion for summary judgment pending adjudication or appeal on the effective date of the Act; therefore, we refer to the former version of the article as applicable in this case, See Acts 2015, No. 422, §§ 2 and 3.

. Jewel filed a reply memorandum in the trial court, raising additional arguments in support of its motion for summary judgment and attached several exhibits thereto. These exhibits had not been previously filed with the original motion for summary judgment or Diversified's opposition. Louisiana Code of Civil Procedure article 966 mandates that a court may only consider documents filed in support of or in opposition to the motion for summaiy judgment. See La. C.C.P. art. 966(F)(2). Further, while La. C.C.P. art. 966 was amended in 2015 to specifically provide that ‘‘[n]o additional documents may be filed with the reply memorandum,” comment (d) to that Article notes that "[tjhis Article continues the rule that no new documents may be filed with the reply memorandum.” Thus, under the language of La. C.C.P. art. 966 both before and after the 2015 amendments, only documents attached to the motion for summary judgment and opposition, not a reply memorandum, are deemed admitted, and properly considered by the trial court on a motion for summary judgment. See Price v. Chain Electric Company, 16-597, p. 6 (La. App. 5th Cir. 4/12/17), 216 So.3d 388, 2017 WL 1365326.
Accordingly, because the exhibits attached to Jewel’s reply memorandum are not deemed admitted pursuant to La. C.C.P. art. 966, the trial court should not have considered them and this court cannot consider these documents in its de novo review. See Price, 16-597 at p. 6, 216 So.3d at 392-93, 2017 WL 1365326.

. The other emails originated from Diversified, and as such, are not sufficient corroborating evidence from a source other than the *1016 plaintiff. See Commercial Flooring and Mini Blinds, Inc., 13-0523 at p. 7, 138 So.3d at 36.

, We note that in the email, R&R Boats is listed as the party extending the offer. However, it is undisputed that R&R was an affiliate of Diversified and extended the offer on behalf of Diversified.