STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2020 CA 0699

TRAVIS W. BOND

VERSUS

LOUISIANA PURCHASE EQUESTRIAN ESTATES, L.L.C.

Judgment Rendered: **FEB 1 9 2021**

* * * * *

On Appeal from the
21st Judicial District Court
State of Louisiana, Parish of Livingston
Trial Court No. 147,879

The Honorable, Charlotte H. Foster, Judge Presiding

* * * * *

| | |
|---|---|
| Diana L. Tonagel<br>Mark D. Boyer<br>Blake F. Harris<br>Denham Springs, Louisiana | Attorneys for Defendants-Appellees,<br>Louisiana Purchase Equestrian Estates,<br>L.L.C., Gordon "Paco" Swain, Jr., and<br>Gary Perkins |
| Will Montz<br>Michael J. Pantaleo<br>Lafayette, Louisiana | Attorneys for Defendant-Appellee,<br>Continental Casualty Company |
| Michael P. Bienvenu<br>Baton Rouge, Louisiana | Attorney for Defendant-Appellee,<br>Paco Swain Realty, L.L.C. |
| A.M. "Tony" Clayton<br>Michael P. Frugé<br>Michael C. Hendry<br>Port Allen, Louisiana | Attorneys for Plaintiff-Appellant,<br>Travis W. Bond |
| R. Gary Higgins Jr.<br>Covington, Louisiana | |

* * * * *

BEFORE: THERIOT, WOLFE, AND HESTER, JJ.

**WOLFE, J.**

Plaintiff challenges a trial court judgment granting a partial summary judgment in favor of one of the defendants and dismissing all but one claim against that defendant as asserted in plaintiff's original petition. For the following reasons, we affirm the judgment and deny the answer to appeal.

## FACTS AND PROCEDURAL BACKGROUND

Louisiana Purchase Equestrian Estates is a residential subdivision in Walker, Louisiana. The subdivision was developed by Louisiana Purchase Equestrian Estates, L.L.C. ("LPEE"), a business entity that subdivided and sold lots within the subdivision. In October 2014, LPEE sold Travis W. Bond a heavily wooded lot in the subdivision, Lot #36, on which Mr. Bond planned to build a home. While clearing the tract of land, Mr. Bond discovered two drainage ditches traversing Lot #36. According to Mr. Bond, he contacted LPEE, through its two members, Gordon "Paco" Swain, Jr., and Gary W. Perkins, and they verbally agreed to pay Mr. Bond's costs associated with backfilling the ditches in order to make Lot #36 suitable for the construction of Mr. Bond's home. However, Mr. Bond asserts that LPEE refused to pay the bill he later submitted for the remediation work. Mr. Bond filed suit against LPEE on March 6, 2015, seeking damages for breach of contract, fraud, and detrimental reliance related to the drainage ditches and the remediation work. LPEE answered the lawsuit, denying any liability related to the "AS IS" sale of Lot #36 and asserting defamation claims against Mr. Bond in reconvention.

On April 20, 2016, LPEE filed a motion for summary judgment, seeking dismissal of all of Mr. Bond's claims. In support of its motion, LPEE relied on the affidavits of Mr. Swain, Mr. Perkins, and contractor, Brian Teer, all of whom met with Mr. Bond and his contractor, Chris Hall, regarding the backfilling of the drainage ditches on Lot #36. In all three affidavits, the affiants acknowledged that there was a meeting, but they were adamant that there was no agreement for LPEE

2

to reimburse Mr. Bond for the dirt work required for backfilling the ditches. Additionally, in support of its motion, LPEE attached several documents, including the Purchase Agreement that contained a provision stating that the sale of Lot #36 was to be "AS-IS, WHERE IS" and without warranties. Another document was the Act of Cash Sale with a provision that the sale was "'AS IS' WITHOUT WARRANTIES," along with an acknowledgement that Mr. Bond waived any claims for redhibition and that the sale was "without warranty of fitness for ordinary or particular use."

In response, Mr. Bond filed a motion to continue the summary judgment hearing. Alternatively, a memorandum in opposition of the summary judgment was incorporated into Mr. Bond's motion to continue. In opposing the summary judgment motion, Mr. Bond relied on his personal affidavit, where he stated that Mr. Swain and Mr. Perkins verbally agreed to pay for the remediation costs if Mr. Bond's own contractor performed the work. Additionally, Mr. Bond attached several documents to his affidavit, including: (1) federal court documents that purportedly evidenced an administrative complaint filed against Paco Swain Realty, L.L.C. ("Swain Realty") and Mr. Swain for Environmental Protection Agency ("EPA") violations from 2007 through 2010 in connection with LPEE; (2) a consent agreement and final order in the EPA matter; and (3) several plats and maps depicting Lot #36.

In a reply memorandum in support of its motion for summary judgment, LPEE objected to the authenticity and relevancy of most of Mr. Bond's exhibits. A hearing on LPEE's motion for summary judgment was held on August 1, 2016. The trial court denied Mr. Bond's motion to continue and granted LPEE's motion for summary judgment as to all of Mr. Bond's claims except for the remedial work. The trial court did not sign a written judgment until February 1, 2017. In the written judgment, LPEE's motion was granted in part, dismissing all of Mr. Bond's claims

3

against LPEE in his original petition *except* the detrimental reliance claim for reimbursement of the remediation costs after Mr. Bond purchased Lot #36. This partial summary judgment was not designated as final, and no party filed a writ application or an appeal from that judgment.

Notably, between the time that the trial court heard LPEE's motion for summary judgment and signed the partial summary judgment six months later, Mr. Bond amended his petition on September 12, 2016, to add defendants, Mr. Swain and Swain Realty. The day after the trial court signed the partial summary judgment, Mr. Bond filed a second supplemental and amending petition on February 2, 2017, naming the insurers of LPEE, Mr. Swain, and Swain Realty as additional defendants. A few months later, on May 22, 2017, Mr. Bond filed a third supplemental and amending petition, clarifying and adding Continental Casualty Company as the defendant insurer of Swain Realty and Mr. Swain. Finally, on January 14, 2019, Mr. Bond filed a fourth supplemental and amending petition, adding Mr. Perkins as a defendant. In response, all of the defendants except the insurers joined together to file an exception raising the objections of *res judicata*, no right of action, no cause of action, and prescription.

On April 22, 2019, the trial court granted the exception of *res judicata* as to LPEE, rendering all other exceptions moot, and dismissed Mr. Bond's fourth supplemental and amending petition. Mr. Bond appealed the trial court's *res judicata* ruling, but this court dismissed that appeal because the trial court's ruling was not a final appealable judgment in that it lacked sufficient decretal language. **Bond v. Louisiana Purchase Equestrian Estates, LLC**, 2019-0957 (La. App. 1st Cir. 2/21/20), 299 So.3d 120, 125. On October 16, 2019, while the first appeal was pending, Mr. Swain, Swain Realty, and LPEE filed an "unopposed" motion to modify the February 1, 2017 partial summary judgment, seeking to have final decretal language added to the judgment.

4

The trial court signed a modified partial summary judgment on October 17, 2019, stating that LPEE's motion "is granted in part and, with the exception of plaintiff's detrimental reliance claim for reimbursement of the remediation costs after he purchased the lot from defendant, all of plaintiff's claims in his original petition are hereby dismissed, with prejudice, and at plaintiff's costs." In a separate order signed on the same day as the modified partial summary judgment, the trial court stated:

> IT IS HEREBY ORDERED that the Motion to Modify Judgment be and is hereby GRANTED, and the modified Judgment entered this date be filed of record in the place of the Judgment signed on February 1, 2017, disposing of *all* claims asserted and/or arising out of the sale and purchase of the subject real property by plaintiff, Travis Bond, with prejudice, and that said Judgment is **designated as a final Judgment**, as there is no just reason for delay. [Emphasis added.]

Thus, the modified judgment dismissed all of Mr. Bond's claims against LPEE in his original petition arising out of his purchase of Lot #36, but maintained Mr. Bond's claim for reimbursement of the remediation costs that he incurred after the sale of the property.

Mr. Bond timely appealed the modified partial summary judgment. The order of appeal was signed by the trial court on December 20, 2019, granting an appeal from the partial summary judgment in favor of LPEE. On appeal, Mr. Bond argues that the trial court misapplied the summary judgment standard, improperly weighed evidence, made improper factual determinations, ignored evidence, failed to make reasonable inferences in the light most favorable to him, and prematurely granted summary judgment without allowing complete discovery. LPEE, along with Mr. Swain and Swain Realty, filed an answer to the appeal directly into the trial court record on March 2, 2020. In their answer, those defendants assert a claim to recover additional costs incurred in responding to the appeal, and they seek a judgment dismissing the remaining detrimental reliance claim.

## LAW AND ANALYSIS

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. **Beer Industry League of Louisiana v. City of New Orleans**, 2018-0280 (La. 6/27/18), 251 So.3d 380, 385-86. See La. Code Civ. P. art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.*, whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. **Beer Industry League**, 251 So.3d at 386.

The burden of proof rests with the mover. La. Code Civ. P. art. 966(D)(1). When the mover will bear the burden of proof at trial, the mover has the burden of showing that no genuine issue of material fact remains. Only when the mover makes this showing does the burden shift to the opposing party to present evidence demonstrating a material factual issue remains. **Action Oilfield Services, Inc. v. Energy Management Company**, 2018-1146 (La. App. 1st Cir. 4/17/19), 276 So.3d 538, 541-42. If the mover will not bear the burden of proof at trial on the issue raised in the motion, the mover's burden does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, the burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. Code Civ. P. art. 966(D)(1).

A fact is material when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. Facts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or

determine the outcome of the legal dispute. **Diversified Marine Services, Inc. v. Jewel Marine, Inc.**, 2016-0617 (La. App. 1st Cir. 6/2/17), 222 So.3d 1008, 1014. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can only be seen in light of the substantive law applicable to the case. **Pumphrey v. Harris**, 2012-0405 (La. App. 1st Cir. 11/2/12), 111 So.3d 86, 89.

LPEE, as the mover for summary judgment in this case, will not have the burden of proof at trial on the issues of whether Mr. Bond was fraudulently induced to purchase Lot #36, whether LPEE breached the contract of sale of Lot #36, or whether Mr. Bond detrimentally relied on representations of LPEE when he remediated Lot #36 in order to build his home. LPEE was simply required to point out that Mr. Bond lacked evidence to prove all of the elements of his claims. LPEE's evidence revealed that the Act of Sale for Lot #36 was "AS IS" and "WITHOUT WARRANTIES" for ordinary or particular use. Mr. Bond's evidence did not rebut that fact, but instead merely denied that the "AS IS" clause had been pointed out and/or explained to him. The Act of Sale document is clear. The sale of Lot # 36 was without warranty. Therefore, the trial court correctly determined that LPEE was entitled to partial summary judgment as a matter of law regarding Mr. Bond's claims arising out of the sale and purchase of Lot #36.

Regarding Mr. Bond's remaining claim for detrimental reliance concerning remediation costs against LPEE, the summary judgment evidence revealed conflicting versions of what happened *after* the sale of Lot #36. When Mr. Bond informed LPEE, through its two members, Mr. Swain and Mr. Perkins, about the discovery of two drainage ditches traversing Lot #36, he attested that Mr. Perkins and Mr. Swain "expressly articulated … that they would pay for the costs of the labor to repair [Mr. Bond's] property." Mr. Swain and Mr. Perkins both denied that an agreement was reached, though they both admit they were aware of Mr. Bond's

problems with the ditches and they attempted to "amicably resolve the matter." To meet the burden of proof of an oral agreement, a party may serve as his own witness, but there must be other corroborating circumstances that come from a source other than the party. See La. Civ. Code art. 1846; **Diversified Marine Services**, 222 So.3d at 1014.

Each of the parties attestations, if assumed true, reveal that the parties had a verbal negotiation regarding the problem of the drainage ditches on Lot #36. However, there is a genuine issue of material fact as to what, if any, agreement was reached. Even the statement made by Mr. Teer, the contractor for LPEE, Mr. Swain, and Mr. Perkins, was contradictory. Mr. Teer indicated that "[h]e [himself] agreed to fill the drainage ditches in at no cost" to Mr. Bond if Mr. Bond first had a contractor muck the mud out of the ditches. LPEE has offered no explanation for the inconsistency in their contractor's affidavit. Thus, our *de novo* review of the evidence submitted in support of and in opposition to LPEE's motion for partial summary judgment shows that the trial court did not err in maintaining Mr. Bond's detrimental reliance claim that arose after the sale of Lot #36. There are genuine issues of material fact surrounding that claim.

## ANSWER TO APPEAL

Finally, we address the answer to appeal filed by LPEE, Mr. Swain, and Swain Realty in the trial court record on March 2, 2020, wherein they sought additional costs associated with responding to Mr. Bond's "frivolous" appeal and a judgment dismissing the remaining alleged detrimental reliance claim. In order to assess damages for frivolous appeal, it must appear that the appeal is taken solely for the purpose of delay or that counsel does not seriously believe the view of the law that he advocates. **Guarantee Systems Construction & Restoration, Inc. v. Anthony**, 97-1877 (La. App. 1st Cir. 9/25/98), 728 So.2d 398, 405, writ denied, 98-2701 (La. 12/18/98), 734 So.2d 636. Although we did not find merit to any of Mr. Bond's

8

arguments on appeal, we cannot say that this appeal was taken solely for the purpose of delay or harassment or that counsel for Mr. Bond did not seriously believe the position he advocated. Therefore, damages for frivolous appeal are not warranted in this case. Furthermore, because we found no error in the trial court's preservation of Mr. Bond's detrimental reliance claim concerning remediation costs that arose after the sale of Lot #36, we deny the answer to appeal.

## CONCLUSION

For the outlined reasons, we affirm the trial court's October 17, 2019 modified partial summary judgment, and we deny the answer to the appeal. We remand the case for further proceedings. Costs of this appeal are assessed against plaintiff-appellant, Travis W. Bond.

**OCTOBER 17, 2019 JUDGMENT AFFIRMED; ANSWER TO APPEAL DENIED; CASE REMANDED FOR FURTHER PROCEEDINGS.**